### JENNIE F. CONGDON *vs.* LOUIS H. BLOCK.

#### JUNE 14, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Bills of Exception. Direction of Verdict.*

When a party has excepted to the denial of his motion for the direction of a verdict and after verdict against him the court has granted his motion for new trial, the appellate court will not consider his exception to the refusal of the lower court to direct a verdict in his favor. This settled rule of practice however is applicable only in cases presenting similar circumstances to the ruling case. Following *Barstow* v. *Turner*, 29 R. I. 100, and *Malafronte* v. *Milone*, 33 R. I. 460.

TRESPASS ON THE CASE for negligence. Heard on exception of plaintiff and overruled.

SWEETLAND, C. J. This is an action of trespass on the case to recover damages for personal injuries which the

plaintiff alleges she received as a result of the negligence of the defendant.

The case was tried in the Superior Court before Mr. Justice BLODGETT sitting with a jury and resulted in a verdict for the plaintiff. The defendant duly filed a motion for new trial which was granted by said justice. The cause is before us upon the plaintiff's exception to the decision of said justice granting the defendant's motion for new trial. The defendant has also brought a bill of exceptions to this court in which bill the defendant states his exception to the ruling of said justice denying the defendant's motion to direct a verdict in his favor at the close of the evidence.

The injuries of which the plaintiff complained were received by her when she was struck and knocked down by the defendant's automobile, operated by him, on Elmwood avenue in Providence. Said justice in his decision upon the defendant's motion for new trial reviews the testimony at length and concludes that the preponderance of the evidence is against the plaintiff's position that she was in the exercise of due care at the time of the accident. After an examination of all the evidence we are of the opinion that said justice was warranted in his conclusion and that the plaintiff's exception should be overruled.

As to the defendant's exception, we must apply the rule laid down by this court in *Barstow* v. *Turner*, 29 R. I. 100, as the same has been interpreted in *Malafronte* v. *Milone*, 33 R. I. 460, *i. e.*, that when a party has excepted to the denial of his motion for the direction of a verdict and after verdict against him the court has granted his motion for new trial, then, since he has obtained the new trial which he sought, this court will not hear him upon his exception to the refusal of the Superior Court to direct a verdict in his favor. This rule is directly applicable to the situation of the defendant. Although *Barstow* v. *Turner* may be regarded as reasonably the subject of criticism in some respects, it does set out what has become a settled rule of practice, which is logical and reasonable in some of its

aspects, and the present members of the court do not feel justified in overruling it. We have said, however, in *Malafronte* v. *Milone, supra,* that it is applicable only in cases which present similar circumstances. We will say in passing that our examination of the evidence convinces us that in this case the defendant has not been prejudiced by the application of the rule.

The exception of the plaintiff is overruled and the case is remitted to the Superior Court for a new trial.

*Waterman & Greenlaw, Ralph M. Greenlaw, Charles E. Tilley,* for plaintiff.

*Philip C. Joslin, Cooney & Cooney,* for defendant.